UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARLON D. THOMPSON,** | Civil Action No. 24-4644 (RMB-SAK) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **RONALD D. RIGGINS, et al.,** | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about April 8, 2024, Plaintiff Marlon D. Thompson, a pretrial detainee presently confined in Hudson County Department of Corrections and Rehabilitation ("Hudson County Jail") in Kearny, New Jersey filed this *pro se* civil rights complaint, ("Compl."), Dkt. 1, and an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) ("IFP Application"), Dkt. No. 1-1. This Court granted Plaintiff's IFP Application, and prior to this Court's screening for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b), granted Plaintiff's request to file an amended complaint,. Order, Dkt. No. 4.

2. On April 2, 2025, Plaintiff submitted an amended complaint ("Am. Compl."), Dkt. No. 5. Plaintiff replaced Michael Eickhoff ("Eickhoff") with Donald D. Riggins as a defendant in this action. Therefore, the Court will administratively terminate Eickhoff, from this matter.

1

3. When a plaintiff is granted IFP status, the district court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.) Courts must liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

5. Plaintiff was formerly confined in Cumberland County Jail in New Jersey. Am. Compl. ¶ 6. The defendants to the Amended Complaint are Warden Ronald D. Wiggins ("Warden Riggins"), Am. Compl. ¶ 4(b), and Sergeant Govan, Supervisor of Transportation ("Govan"), *id.* at ¶ 4(c).

6. Plaintiff alleges that on numerous occasions beginning on September 14, 2023, he was transported from Cumberland County Jail to Hudson County Jail in a Department of Corrections ("DOC") issued "dog kennel" or "paddy wagon"

(hereafter "DOC van"). Am. Compl. ¶ 6. During his transportation, Plaintiff was shackled at the wrists and ankles, and he was placed in the van without a seat belt or other restraint. *Id.* During these transports, Plaintiff was tossed around and bounced into other shackled and unrestrained inmates while the van drove at 50-65 m.p.h., swerving and making abrupt stops. *Id.* The vans have no emergency exits. *Id.* Plaintiff injured his head, knees, wrists, ankles and back. *Id.*

7. Plaintiff alleges Warden Riggins conspired with employees under his command to violate Plaintiff's Eighth Amendment rights by transporting him in DOC vans. *Id.* ¶ 4(b). He further alleges Govan complied with a direct chain of command to transport Plaintiff over 118 miles, shackled and unrestrained in a DOC van. *Id.* ¶ 4(c).

8. The Court construes Plaintiff to allege Warden Riggins gave Govan a direct command to transport Plaintiff from Cumberland County Jail to Hudson County Jail in a DOC van.

9. Plaintiff alleges Defendants violated the Eighth Amendment's ban on cruel and unusual punishments, asserting jurisdiction under 42 U.S.C. § 1983. Plaintiff seeks damages and injunctive relief. Am. Compl. ¶ 7.

10. "42 U.S.C. § 1983, created a species of federal tort liability for individuals to sue state and local officers for deprivations of constitutional rights." *Thompson v. Clark*, 596 U.S. 36, 42 (2022). Here, Plaintiff sues local officers for violation of the Eighth Amendment. Plaintiff is a pretrial detainee, and the Eighth Amendment is applicable solely to convicted and sentenced prisoners. *See Hubbard v. Taylor*, 399

F.3d 150, 164 (3d Cir. 2005) (stating the Eighth Amendment does not apply until after conviction and sentence). Therefore, the Court construes Plaintiff to raise his claim under the Due Process Clause of the Fourteenth Amendment.

11.  When a pretrial detainee alleges his conditions of confinement violate the Constitution, the inquiry under the Due Process Clause is whether those conditions constitute punishment. *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008). Pretrial conditions of confinement violate the Fourteenth Amendment when the conditions are not rationally related to a legitimate government interest or when the conditions are excessive in relation to a legitimate government interest. *Id.* at 232.

12.  Plaintiff has not alleged that the purpose of transportation in the DOC vans was to punish him. Liberally construing the Amended Complaint, Plaintiff alleges there is no legitimate government interest in transporting detainees in vans that lack seatbelts, which poses a risk of injury or death to detainees. Therefore, the Amended Complaint may proceed.

An appropriate Order follows.

DATE:  October 14, 2025

                                 s/Renée Marie Bumb
                                 **RENÉE MARIE BUMB**
                                 **Chief United States District Judge**